United States Court of Appeals,

Fifth Circuit.

No. 95-11162

Summary Calendar.

Derrick RAY, Plaintiff-Appellant,

v.

GLIDDEN COMPANY, Defendant-Appellee.

June 14, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:

In this action under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA), Derrick Ray challenges a summary judgment that, *inter alia,* he did not have the requisite ADA disability.  We AFFIRM.

I.

Ray was employed by the Glidden Company as a lift truck operator (LTO), was diagnosed in March 1992 as having avascular necrosis, went on leave from work for over one year, and underwent surgeries to replace his hips and shoulders.  Sandy Davis, Glidden's Human Resources Manager, wrote several letters to Ray's physicians to determine if and when he would be able to return to work.

In March 1993, Dr. Burkhead informed Davis by letter that Ray would be able to perform parts of his job, such as forklift driving and housekeeping duties, but he had "concerns about [Ray] ever

being able to get back to the order picking [portion of the] job". ("Order picking" requires continuous manual lifting of containers weighing on average 44-56 pounds.) Dr. Burkhead stated that, if Ray's job could be modified so that he could stay in the five to ten pound lifting criteria, or if someone could pick the orders for him, Ray would otherwise be able work as an LTO. Ray was terminated effective March 31, 1993.

In June 1993, a professional worksite analysis performed by the Volunteers for Medical Engineering of Texas, Inc., determined that it was not feasible to modify Ray's job to accommodate the ten-pound lifting restriction. And, in her affidavit in support of summary judgment, Davis stated that there were no vacant positions that Ray could have filled after his employment was terminated and that he never asked to be considered for any position other than as LTO.

Ray filed this ADA action in October 1994. In November 1995, the district court granted Glidden's motion for summary judgment.

II.

The threshold question is whether Ray had the requisite ADA "disability". Summary judgment is proper if, among other things, the nonmovant fails to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

The ADA defines "disability" under three alternatives:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;

2

(B) a record of such an impairment;  or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).  Ray claims that he satisfies each of the alternatives.

Obviously, Ray had an impairment.  The ADA does not define "substantially limits" and "major life activities".  But, regulations promulgated by the EEOC under the ADA define both. "Major life activities" is so defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working".  29 C.F.R. § 1630.2(i).  "Other major life activities could include lifting, reaching, sitting, or standing." *Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 726 n. 7 (5th Cir.1995).

## A.

For his claim of disability under § 12102(2)(A), Ray maintains only that he was substantially limited in his ability to perform the major life activities of lifting and reaching.  To determine whether a person is substantially limited in a major life activity other than working, we look to whether that person can perform the normal activities of daily living. *Dutcher,* 53 F.3d at 726.  In his affidavit, Dr. Burkhead opined that, although Ray would be unable to lift 44-56 pound containers continuously all day, he would be to do so for one to three and one-half hours per day. As a result, applying the 29 C.F.R. § 1630.2(j) definition of "substantially limited", he opined that Ray "was significantly restricted as to the condition, manner and duration under which he

3

could perform manual tasks such as lifting and reaching as compared to the condition, manner or duration under which the average person in the general population could perform those same manual tasks".[1]

But, Ray can lift and reach as long as he avoids heavy lifting. *Dutcher* makes clear that inability to perform that discrete task does not render a person substantially limited in a major life activity. 53 F.3d at 726.

### B.

Next, Ray claims under § 12102(2)(B) that Dr. Burkhead's aforementioned March 1993 letter constitutes "a record of such an impairment". Although, as noted, Ray does not claim that his impairment substantially limited his major life activity of working, he claims nevertheless for subpart B purposes that this letter "must have suggested ... that Ray was substantially impaired in his ability to lift and/or work". The letter, however, is insufficient to establish a record of an impairment that substantially limits a major life activity, because it indicates only that Ray was unable to perform continuous, heavy lifting. "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630(j)(3)(i); *Dutcher,* 53 F.3d at 727. Likewise, inability to perform heavy lifting does not render a

---

[1]Section 1630.2(j)(1)(ii) defines substantially limited as "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity".

4

person substantially limited in the major activities of lifting or working. *Id.* at 726-27.

## C.

Finally, Ray contends under § 12102(2)(C) that Glidden "regarded" him as having the requisite ADA impairment. Again, although Ray does not claim he was substantially limited in working, he asserts for subpart C purposes that Glidden regarded him as "having an impairment which substantially limited his ability to lift, reach and/or work". Glidden presented evidence that it terminated Ray's employment solely because his medical condition prevented him from returning to work as an LTO. Ray neither suggests he was denied another job because of a belief that his condition would prevent him from performing adequately nor counters Glidden's evidence that no other jobs were available when his employment was terminated. Based on the record, a reasonable juror could not find that, under the ADA, Glidden "regarded" Ray as having an impairment that substantially limited a major life activity.

## III.

In sum, Ray's impairment does not satisfy any of the three alternatives for having the requisite "disability" under the ADA. Accordingly, the judgment is

AFFIRMED.