# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 97-40645
Summary Calendar

_____

ORA LEE PRYOR,

Plaintiff-Appellant,

versus

TRANE COMPANY, a Division
of American Standard, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

April 24, 1998

Before WIENER, BARKSDALE, AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

In this Americans with Disabilities Act (ADA)[1] case, Plaintiff-Appellant Ora Lee Pryor appeals the district court's order denying her motion for a new trial, thereby upholding the jury's finding that Pryor was not "disabled" for purposes of the ADA and thus preventing her recovery from Defendant-Appellant Trane Company (Trane). Pryor argues that the jury verdict was against the great weight of the evidence and asserts that the district court abused its discretion in refusing to grant her a new trial. Finding no reversible error, we affirm.

_____

[1]42 U.S.C. §§ 12101-12213 (1997).

I.

FACTS AND PROCEEDINGS

Pryor is employed as an assembly line worker at the Trane plant in Tyler, Texas. In 1992, she was injured in a non-occupational automobile accident and later underwent a fusion of the cervical vertebrae in her neck. Pryor unsuccessfully attempted to return to work on several occasions. When she again attempted to return to work in November 1994, Trane requested a Functional Capacity Evaluation (FCE), which was conducted by David Penn, an independent physical therapist. Based on the FCE, one of Trane's in-house physicians, Dr. Levin, prescribed a set of restrictions limiting Pryor's repetitive and constant lifting and prohibiting overhead lifting.[2]

On July 31, 1995, Pryor was recalled to work and placed at the lay-in station on the wiring line, putting tape over unnecessary holes in control boxes. She was laid off two and one-half days later, however, after Dr. Farnham of Trane's medical services department determined that the position she had been given was inconsistent with her medical restrictions because it required the repetitive lifting of a thirteen pound cart. Pryor was allowed to return to work in the same position four months later, however, after the lifting component of the job had been eliminated.

---

[2]Specifically, Pryor's restrictions limited her to (1) no repetitive lifting of weights over 20 pounds for greater than 66% of a shift or 30 cycles an hour; (2) no constant lifting of weights over 10 pounds for greater than 66% of a shift; (3) no overhead lifting; and (4) only occasional overhead reaching (up to two times an hour).

In April 1996, Pryor filed suit in district court under the ADA, alleging that Trane had unlawfully discriminated against her because of her disability by laying her off for the four months from August to November, 1995. The case was tried to a jury, which found that Pryor was not disabled. After the district court denied her motion for a new trial, Pryor timely appealed.

II.

DISCUSSION

A.    Standard of Review

The only issue raised by Pryor on appeal is whether the district court erred in denying her motion for a new trial. "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence."[3] The decision to grant or deny a motion for new trial is within the sound discretion of the trial court, and we will not reverse its ruling without a clear showing that this discretion has been abused.[4] Indeed, our review is more narrow when a new trial is denied than when one is granted.[5] In such cases, "all the factors that govern our review of [the trial court's] decision favor

---

[3]Dotson v. Clark Equip. Co., 805 F.2d 1225, 1227 (5th Cir. 1986); see also Thompson & Co. v. Partridge, 636 F.2d 945, 957 (5th Cir. 1981) ("The standard at the trial level on a motion for a new trial is whether the verdict is against the clear weight of the evidence or will result in a miscarriage of justice.").

[4]Williams v. Chevron USA, Inc., 875 F.2d 501, 505 (5th Cir. 1989); Dotson, 805 F.2d at 1227.

[5]Pagan v. Shoney's, Inc., 931 F.2d 334, 337 (5th Cir. 1991).

3

affirmance,"[6] and we must affirm the verdict unless the evidence —— viewed in the light most favorable to the jury's verdict —— "points 'so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion].'"[7]

B.   Applicable Law

The ADA defines "disability" as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.[8]

"Although the ADA does not define 'substantially limits' and 'major life activities,' the regulations promulgated by the Equal Employment Opportunity Commission [EEOC] 'provide significant guidance.'"[9]  These regulations define "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."[10]  "Other major life activities could include lifting,

---

[6]Shows v. Jamison Bedding, Inc., 671 F.2d 927, 930 (5th Cir. 1982).

[7]Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 987 (5th Cir. 1989) (quoting Whatley v. Armstrong World Indus., Inc., 861 F.2d 837, 839 (5th Cir. 1988)).

[8]42 U.S.C. § 12102(2).

[9]Ellison v. Software Spectrum, Inc., 85 F.3d 187, 190 (5th Cir. 1996) (quoting Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 726 (5th Cir. 1995)).

[10]29 C.F.R. § 1630.2(i) (1996).

reaching, sitting, or standing."[11]  Whether an impairment substantially limits[12].29 C.F.R. § 1630.2(j)(1)(i), (ii).[13] a major life activity is determined by considering (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact.[14] "[T]emporary, non-chronic impairments of short duration, with little or no longer term or permanent impact, are usually not disabilities."[15]

Pryor contends that she was substantially limited in the major life activities of lifting, pulling and pushing, and working. Examining first whether Pryor's impairment substantially limited the major activities of lifting, pulling and pushing,[16] we conclude

---

[11]Dutcher, 53 F.2d at 726 n.7 (citing 29 C.F.R. § 1630, Appendix to Part 1630 —— Interpretive Guidance on Title I of the Americans with Disabilities Act, § 1630.2(i)).

[12]The regulations provide that "substantially limited" means:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity.

29 C.F.R. § 1630.2(j)(1)(i)-(ii).

[14]29 C.F.R. § 1630.2(j)(2)(i)-(iii).

[15]29 C.F.R. § 1630, App., § 1630.2(j).

[16]See Dutcher, 53 F.2d at 726 & n.10 (quoting 29 C.F.R. § 1630, App., § 1630.2(j)):

that there was evidence to support the jury's verdict that she was not disabled. "To determine whether a person is substantially limited in a major life activity other than working, we look to whether that person can perform the normal activities of daily living."[17] Although Penn noted in the FCE that Pryor's lifting from shoulder to overhead and her ability to pull and push were below average, he also declared that "[h]er activities of daily living are 100%." The FCE specifically stated that the results of her tests regarding sitting, reaching, bending, squatting, walking, climbing a ladder, kneeling, and balance were all normal, and professed that "[s]he denies difficulty with driving." The jury's finding that Pryor was not disabled was therefore not against the great weight of the evidence.

This finding is also consistent with the caselaw regarding lifting as a major life activity under the ADA. In Dutcher, the plaintiff presented evidence that she could "do lifting and reaching as long as she avoid[ed] heavy lifting and repetitive rotational movements."[18] She also testified that she "[had] trouble picking up little things from the floor, . . . holding things up high or real tight for long periods of time, and . . . turning the

---

If an individual is not substantially limited with respect to any other major life activity, the individual's ability to perform the major life activity of working should be considered. If an individual is substantially limited in any other major life activity, no determination should be made as to whether the individual is substantially limited in working.

[17]Ray v. Glidden Co., 85 F.3d 227, 229 (5th Cir. 1996).

[18]Dutcher, 53 F.3d at 726.

6

car's ignition."[19]  We affirmed the district court's grant of summary judgment, holding that "a jury could not find that her impairment substantially limits life activities on this basis."[20] Similarly, in <u>Williams v. Channel Master Satellite Systems, Inc.</u>,[21] the court held that "as a matter of law, . . . a twenty-five pound lifting limitation . . . does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity."[22]

With regard to the activity of working:

> [S]ubstantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.  The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.[23]

Pryor testified that she could perform her job without any accommodation, both before and after the assembly line was changed. Furthermore, no evidence was presented that she could not perform an entire class of jobs; in fact, Penn found Pryor able to perform a medium level of work as defined by the Dictionary of Occupational Titles.  She was only prohibited from performing jobs that required

---

[19]<u>Id.</u> at 726 n.11.

[20]<u>Id.</u>

[21]101 F.3d 346 (4th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 1844, 137 L. Ed. 2d 1048 (1997).

[22]<u>Id.</u> at 349; <u>see</u> <u>also</u> <u>Aucutt v. Six Flags Over Mid-America</u>, 85 F.3d 1311, 1319 (8th Cir. 1996) (twenty-five pound lifting restriction was not "significant restriction" on major life activities).

[23]29 C.F.R. § 1630.2(j)(3)(i).

constant or overhead lifting.  A reasonable juror could have found from this evidence that Pryor was not unable to perform a broad range of jobs and was thus not substantially limited in the major life activity of working.[24]

Next, Pryor asserts that her injury, surgery, hospitalization, and inability to work for two years establish as a matter of law that she had a record of a disability for purposes of the ADA.  We disagree.  In Ray v. Glidden,[25] the plaintiff missed more than a year of work and underwent surgeries to replace his hips and shoulders.  We affirmed the district court's grant of summary judgment, explaining that there must be a record of an impairment that substantially limits a major life activity.  We held that restrictions indicating an inability to perform continuous, heavy lifting or an inability to perform a particular job do not necessarily constitute a record of disability.[26]  Likewise, in this

---

[24]See McKay v. Toyota Motor Manuf., USA, Inc., 110 F.3d 369 (6th Cir. 1997), in which the court affirmed the district court's grant of summary judgment in favor of the defendant, stating:

> In light of the regulatory framework of the ADA, we hold that the physical restrictions caused by plaintiff's disability [carpal tunnel syndrome] do not significantly restrict her ability to perform the class of jobs at issue, manufacturing jobs; at best, her evidence supports a conclusion that her impairment disqualifies her from only the narrow range of assembly line manufacturing jobs that require repetitive motion or frequent lifting of more than ten pounds.  It follows that her limited impairment would not significantly restrict her ability to perform a broad range of jobs in various classes.

Id. at 373.

[25]85 F.3d 227 (5th Cir. 1996).

[26]Id. at 229.

case, there was evidence that Pryor was given work restrictions based on her medical history and the FCE. As in Ray, however, the mere fact that Pryor had work restrictions did not require the jury to find that she had a disability that substantially limited a major life activity.

Finally, Pryor insists that Trane regarded her as having a disability. According to the EEOC regulations, an individual is "regarded as having such an impairment" if she "has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation."[27] We have explained, however, that "an employer does not necessarily regard an employee as having a substantially limiting impairment simply because it believes she is incapable of performing a particular job."[28] Here, evidence was presented that, while Trane considered Pryor to have a neck impairment that limited her ability to perform her particular job, the company did not regard her as disabled. There was no evidence that Trane regarded Pryor's neck injury as preventing her from performing an entire class of jobs; it merely showed that at the time there were no jobs available which fit Pryor's restrictions. The jury was entitled to conclude that, even though Trane was aware of Pryor's medical restrictions and deferred to a doctor's judgment that her position was incompatible with those restrictions, it did not regard her as disabled.

---

[27] 29 C.F.R. § 1630.2(*l*)(1).

[28] Ellison, 85 F.3d at 192.

As the jury verdict was not against the great weight of the evidence, we perceive no abuse of discretion in the district court's denial of Pryor's motion. And as we have frequently noted, "[w]e are 'not free to reweigh the evidence and set aside the jury verdict (simply) because the jury could have drawn different inferences or conclusions or because (we) feel that other results are more reasonable.'"[29]

## III.

## CONCLUSION

Our review of the record and the arguments of counsel leads us to conclude that the jury verdict was supported by the law and the evidence, and that the district court did not abuse its discretion in denying Pryor's motion for a new trial. Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.

---

[29]Taylor v. Fletcher Properties, Inc., 592 F.2d 244, 247 (5th Cir. 1979) (quoting Tennant v. Peoria & Pekin Ry., 321 U.S. 29, 35, 64 S. Ct. 409, 412, 88 L. Ed. 520 (1944)).