**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-31187
Summary Calendar

JOHN E. BALL, Jr.,

Plaintiff-Appellant,

VERSUS

LESLIE RAY TRUSLER; ET AL,

Defendants,

LESLIE RAY TRUSLER; J. B. HUNT TRANSPORT, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

(97-CV-865-N)

May 25, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant John E. Ball, Jr. ("Ball") appeals from a trial by

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

jury in which a take-nothing judgment was entered against him in a suit for personal injuries arising out of a vehicular accident. Ball presents four issues on appeal which we will deal with seriatim.

## I.

Ball first alleges that the district court erred in allowing the defendants below to introduce expert testimony from Duaine Evans in the field of accident reconstruction and Thomas McNish in the field of engineering accident reconstruction, biomechanics and medicine under the principles enunciated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). We note that a decision of the district court in determining the admissibility of expert testimony will not be disturbed on appeal unless that determination is manifestly erroneous. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 118 S.Ct. 512, 517, 139 L.Ed.2d 508 (1997); *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 274 (5th Cir.1998)(en banc). Ball never objected at trial to McNish's or Evans's qualifications or methodology under *Daubert.* An overruled motion in limine does not preserve error on appeal. *See Marcel v. Placid Oil Co.*, 11 F.3d 563, 565 (5th Cir.1994). A careful review of the record reveals that the objections Ball did make at trial were directed at the scope of the expert's testimony, and not at their qualifications or methodology. Furthermore, even if Ball had properly preserved this alleged error, we are satisfied that both McNish's and Evans's methodology comports with the principles enunciated in the recent Supreme Court *Daubert*-clarification case,

2

*Kumho Tire Co., Ltd. v. Carmichael*, 119 S.Ct. 1167 (1999)(expanding the scope of *Daubert's* gate-keeping obligation to all expert testimony, not just "scientific" testimony). *See also Black v. Food Lion*, No. 97-11404, 1999 WL 173001 (5th Cir. Mar. 30, 1999). In this instance, therefore, we find no manifest error in the district court's decision to allow these experts to testify.

## II.

Ball next asserts that the district court's refusal to allow him to introduce expert testimony in the fields of accident reconstruction and biomechanics in his case on rebuttal constituted reversible error. Again, the trial court has "broad discretion" when it comes to enforcing its Scheduling Orders, including the timely listing of witnesses and the exchange of expert reports, and in excluding or admitting expert testimony. *See Geiserman v. MacDonald, et al.*, 893 F.2d 787, 790 (5th Cir.1990). When a district court excludes expert testimony as a sanction for a violation of a discovery order, we determine whether the court's action is an abuse of discretion by examining four factors: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996). For the reasons stated in the District Court's August 10, 1998 Order and Reasons, which analyzed these same four factors, we find no abuse of the trial court's discretion

3

in excluding Ball's experts.

## III.

Ball next contends that the jury's finding that the defendants/appellees were not negligent in a manner which was the proximate cause of the accident is clearly erroneous and should be reversed. A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Luhr Bros., Inc. v. Shepp*, 157 F.3d 333 (5th Cir.1998)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). After carefully reviewing the evidence in this case, we conclude that there is more than enough evidence to support the jury's determinations of negligence and proximate cause. Therefore, we lack a firm conviction that a mistake has been committed and uphold the jury's findings.

## IV.

Finally, Ball asserts that the district court erred in denying his motion for new trial. Ball contends that the jury's finding that his actions were the sole cause of the accident were clearly erroneous. Likewise, he alleges that the jury was unduly influenced and prejudiced against him by evidence which was improperly admitted by the trial court. Further, he alleges that the jury was improperly influenced and prejudiced against him by an inflammatory closing argument which contained highly prejudicial facts against him that had not been admitted into evidence.

A district court has "sound discretion" to grant or deny new

4

trial motions, and we will affirm absent a clear showing that this discretion has been abused. *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). As we have stated in regards to challenges of a trial court's decision to deny a motion for new trial on evidentiary grounds:

> [O]ur review is more narrow when a new trial is denied than when one is granted. In such cases, "all the factors that govern our review of [the trial court's] decision favor affirmance," and we must affirm the verdict unless the evidence--viewed in the light most favorable to the jury's verdict--"points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion]."

*Id.,* (internal citations omitted). As far as Ball's complaint can be construed as a challenge to the verdict being against the great weight and preponderance of the evidence, we disagree. The evidence viewed as a whole does not point so strongly in favor of Ball to justify disturbing the jury's amply supported findings.

Ball has also alleged that certain prejudicial evidence and inflammatory closing remarks made by the defendants improperly influenced the jury against him. However, in regards to the "improperly admitted" evidence, most of it was introduced by Ball. Apparently, Ball now complains that defendants went beyond the scope of the limited purposes for which the evidence was admitted. Nonetheless, when a plaintiff opens the door to what he now asserts is objectionable evidence, any error was harmless. *See Fruge v. Penrod Drilling Co.*, 918 F.2d 1163, 1169 (5th Cir.1990); Fed.R.Civ.P. 61. Additionally, a statement taken out of context in which Ball had admitted to drug usage as a teen was sufficiently

5

corrected at trial to foreclose any finding of reversible error.

In regards to the defendants' closing arguments, we note that "generally, counsel are allowed a reasonable latitude in making them." *See Whitehead v. Food Max of Miss.*, 163 F.3d 265, 275 (5th Cir.1998). Complicating our task, as did the party in *Whitehead*, is that Ball failed to contemporaneously object to the statements now challenged. Given the great deference we accord to the trial judge, who was present and heard the evidence, and finding no evidence that these remarks rose to the level of plain error, we decline to reverse the district court's decision not to grant Ball a new trial.

V.

Therefore, for the foregoing reasons, we AFFIRM.