IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10286
Summary Calendar

_____

CHERYL L. KRAUSE,

Plaintiff-Appellant,

versus

MERCK-MEDCO RX SERVICES OF TEXAS, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-220)

_____

October 5, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

E. Grady Jolly:[*]

Cheryl L. Krause appeals the district court's granting of a summary judgement in favor of her former employer Merck-Medco Rx Services of Texas ("Merck"). Krause alleges that Merck terminated her employment because she suffered from a mental impairment known as bipolar disorder. Such a mental impairment, she alleges, limits one or more major life activities, and thus falls within the ambit of the Americans with Disability Act. The district court held that Krause failed to demonstrate that she has an impairment that substantially limits a major life activity. Finding that Krause

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has failed to allege any facts sufficient to show that the bipolar disorder has limited a major life activity, we affirm the judgment of the district court.

A

We review the district court's granting of a summary judgment de novo, applying the same legal standard as did the district court. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). Summary judgment is proper when the record establishes that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When determining whether or not a dispute is genuine, the court will view the evidence in the light most favorable to the nonmoving party. Id.

B

The sole issue raised on appeal is whether Krause qualifies as a person with a disability under the Americans with Disability Act ("ADA"). The ADA is a federal anti-discrimination statute designed to remove barriers that prevents qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities. Taylor v. Principal Financial Group, Inc., 93 F.3d 155, 161 (5th Cir. 1996), citing 29 C.F.R. § 1630, App. (1995). The ADA expansively prohibits

discrimination in employment against persons with a disability, providing that: "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment." 42 U.S.C. § 1211(a). The term "disability" is defined as: (a) a physical or mental impairment that substantially limits[1] one or more of the major life activities[2] of such individual; (b) a record of such impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

Merck contends, and the district court held, that Krause does not have a legally cognizable "disability" under the ADA. Merck points to the deposition testimony of Krause, and to case law in support of its contention. During the course of her deposition, Krause admitted that she can walk, see, hear, breath, learn, and

---

[1] "Substantially limits" generally means: (1)unable to perform a major life activity that the average person in the general population can perform; or (2) significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average persons in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1)(1995), see also Pryor v. Trane Co., 138 F.3d 1024, 1027 (5th Cir. 1998).

[2] "Major life activities" are defined as: "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); see also, Dupre v. Harris County Hospital Dist., 8 F.Supp.2d 908, 917 (S.D.Tex. 1998).

perform manual tasks.[3] She admitted that her bipolar disorder does not prevent her from working, and there is no particular kind of job or class of jobs, that she is unable to perform because of her disability.[4] Further, she testified that she has worked her entire adult life with no impairment, and that she began working in

---

[3]During the course of Krause's deposition, she made the following admissions:
Q. And obviously you can care for yourself, physically care for yourself just fine?
A. Yes.
Q. And you can perform manual tasks just fine?
A. Manual tasks can include periods of episodes.
Q. Can you walk?
A. Yes.
Q. You can see?
A. Yes.
Q. You can hear?
A. Yes.
Q. You can speak?
A. Yes.
Q. You can breathe?
A. Yes.
Q. And you can learn as well as someone with your skills and education?
A. Yes.
Q. All right. When I say manual tasks, I mean you could open the door, you could move that chair back, you can perform manual tasks, you could sweep the floor, you could drive a car, those kinds of tasks. You can perform those kinds of tasks, can you not?
A. Yes.

[4]During deposition, Krause admitted that there were no jobs or classes of jobs that she could not perform:
Q. So its fair to say, isn't that your bipolar condition does not prevent you from working?
A. No, it doesn't prevent me from working.
Q. And is there-is there any kind of job or class of job which you feel like you are unable to do because of your bipolar condition?
A. No.

excess of forty hours a week as an independent contractor for another company two months after her termination from Merck.[5]

Additionally, Merck points to the one case within the our circuit to address directly a plaintiff's claim that she is disabled under the ADA as a result of her bipolar condition. Dupre v. Harris County Hospital District, 8 F.Supp.2d 908 (S.D.Tex. 1998). In Dupre, the court granted summary judgment in favor of the employer, holding that the plaintiff did not qualify as a person with a disability under the ADA because of her bipolar condition. Id. at 928. The court noted that Dupre's disability did not prevent her from caring for herself, performing manual tasks, seeing, hearing, speaking, breathing, or learning. The court concluded by stating:

> [I]t is apparent that [Dupre's] disability does not preclude her from working or from continuing to work in her chosen profession . . . [thus] Dupre has failed to adduce summary judgment evidence that she has a record of having an impairment that substantially limits a major life activity.

Id. at 918.

---

[5]During deposition, Krause made the following admissions:
Q. So you haven't had to take off any work from DSI (Krause's current employer) because of your bipolar condition?
A. I guess not.
Q Well, you've worked, I take it your entire adult life it sounds like?
A. Mostly, yes.

After a careful review of the facts and the authority cited by the parties,[6] we hold that Krause has failed to adduce probative summary judgment evidence that her bipolar condition substantially limits one or more of the major life activities. Furthermore, as the district court correctly noted, she concedes that her condition does not preclude her from working an entire class of jobs, or broad range of jobs. See Hamilton v. Southwestern Bell Telephone Co., 136 F.3d 1047, 1051 (5th Cir. 1998)(stating a disability does not substantially limit a major life activity if the plaintiff is able to perform a class or broad range of jobs). While it is true that Krause's bipolar condition may cause her some difficulty, and may restrict her capacity to perform some daily tasks, in the light of her own deposition testimony; she has failed to show that her impairment substantially limits a major life activity. Thus, Krause's bipolar condition does not fall within the scope term "disability" as defined by the ADA.[7]

---

[6]Krause asserts that every appellate court which has considered the question of whether bipolar disorder is a mental disability covered under the ADA has answered in the affirmative. After a review of the cases that Krause cites in support of her position, it is clear that her reading of those cases was erroneous, that the extent to which the disorder affected the plaintiffs in those cases differed substantially from the effect the disorder has had on her own life, or that the decision has been vacated. See Hartog v. Wasatch Academy, 129 F.3d 1076 (10th Cir. 1997), Taylor v. Phoenixville School District, __ F.3d __, 1999 WL 184138 (3rd Cir. 1999), Birchem v. Knights of Columbus, 116 F.3d 310 (8th Cir. 1997), Bultemeyer v. Fort Wayne Community Sch., 100 F.3d 1281 (7th Cir. 1996), Taylor v. Principal Financial Group, Inc., 93 F.3d 155 (5th Cir. 1996).

[7]In holding that Krause's bipolar condition does not rise to

C

In conclusion, we hold that Krause's condition does not rise to the level of a disability covered under the ADA.  As such, the judgment of the district court granting summary judgment in favor of the defendant is

A F F I R M E D.

---

the level of a disability covered under the ADA, the court is not foreclosing the possibility that in a different circumstance the affects of a bipolar disorder may be so severe as to substantially limit a major life activity.  See Hartog, 129 F.3d at 1081 (stating whether or not bipolar disorder is covered by the definition of "disability" depends on the severity of the disorder in each individual case).  As such, the court's decision is limited to the specific facts of this case.