United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-10229
_____

RICARDO HINOJOSA

              Plaintiff - Appellant

v.

JOSTENS INC

              Defendant - Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
No. 3:02-CV-0391-K

_____

Before KING, Chief Judge, and GARZA and BENAVIDES, Circuit
Judges.

KING, Chief Judge:[*]

    Plaintiff-Appellant Ricardo Hinojosa filed suit against

Defendant-Appellee Jostens, Inc. ("Jostens"), asserting claims

for: (1) disability discrimination under the Americans with

Disabilities Act ("ADA"); (2) discriminatory discharge under the

Employment Retirement Income Security Act ("ERISA"); and (3)

breach of fiduciary duty under ERISA.  On January 22, 2004, the

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

district court granted summary judgment in favor of Jostens and dismissed Hinojosa's claims with prejudice. Hinojosa now appeals. Addressing each of Hinojosa's arguments in turn, we AFFIRM the judgment of the district court.

We review the district court's grant of summary judgment de novo, applying the same standards as the district court. Burch v. City of Nacogdoches, 174 F.3d 615, 618 (5th Cir. 1999). Summary judgment may be entered if the record, taken as a whole, shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

We begin by addressing Hinojosa's claim that Jostens discriminated against him in violation of the ADA by terminating him based on his disability and by failing to provide him with reasonable accommodations. The district court dismissed Hinojosa's ADA claim because it concluded that he did not qualify as disabled under the ADA.[1] On appeal, Hinojosa argues that

---

[1] The ADA makes it unlawful for an employer to discriminate against an employee who is a qualified individual with a disability because of that employee's disability. 42 U.S.C. § 12112(a) (2000). Under the McDonnell Douglas burden-shifting framework, to make a prima facie case of discrimination, a plaintiff must establish that he: (1) has a disability; (2) is qualified for the position; and (3) was discriminated against because of his disability. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 279-80 (5th Cir. 2000) (applying the McDonnell Douglas burden-shifting framework to a case brought under the ADA). If a plaintiff makes this prima facie showing, then the burden shifts to the employer to articulate

2

there is a genuine issue of fact as to whether he is disabled.

First, Hinojosa argues that he is substantially impaired in the major life activity of performing the manual tasks of lifting, pushing, pulling, and holding, which makes it difficult for him to perform activities of daily living such as putting on and buttoning his shirt, washing his hair, doing dishes, driving short distances, and sleeping. Hinojosa also points to the fact that he was diagnosed with reflex sympathetic dystrophy. The ADA defines a disability as, inter alia, a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(2)(2000); Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1119 (5th Cir. 1998). Hinojosa has the burden of demonstrating that his impairment limits a major life activity. Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002). Although a major life activity includes performing manual tasks, Hinojosa must also show that the limitation on the major life activity is substantial. Id.; McInnis, 207 F.3d at 280. The Supreme Court has stated that "to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of

---

a legitimate, non-discriminatory reason for the adverse employment action. McInnis, 207 F.3d at 280. Once the employer articulates such a reason, the burden shifts back to the plaintiff to establish by a preponderance of the evidence that the reason was merely a pretext for discrimination. Id.

3

central importance to most people's daily lives." Toyota Motor Mfg., 534 U.S. at 198. In addition, the impairment's impact must be permanent or long term. Id. Hinojosa simply asserts that his impairment makes it difficult for him to perform activities of daily living. However, he produces no evidence whatsoever that he is prevented or even severely restricted from performing such activities. In addition, Hinojosa presents no evidence, in fact he does not even allege, that the impact of his impairment is permanent or long-term. The fact that Hinojosa was diagnosed with reflex sympathetic dystrophy does not in itself establish that he was limited in a substantial major life activity because the determination of whether a plaintiff has a disability is based on the effect of the impairment in his life, not on the name or diagnosis of the physical impairment. Taylor v. Principal Fin. Group, 93 F.3d 155, 164 (5th Cir. 1996) (citing 29 C.F.R. § 1630.2(j), App. (1995)). Thus, Hinojosa has failed to raise a genuine issue of fact as to whether he was limited in a substantial major life activity.

Second, Hinojosa argues that he has a record of a disability because his medical records indicate he has an impairment that substantially limits major life activities. Under the ADA, a disability is also defined as having a record of a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(2)(2000); Sherrod, 132 F.3d at 1119. Hinojosa bears the burden of showing that he has a

4

record of an impairment.  <u>Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.</u>, 242 F.3d 610, 615 (5th Cir. 2001).  However, Hinojosa points to no evidence in the record with regard to this claim.  "[U]nsubstantiated assertions are not competent summary judgment evidence."  <u>Ragas v. Tenn. Gas Pipeline Co.</u>, 136 F.3d 455, 458 (5th Cir. 1998).  In addition, Hinojosa has not pointed to any legal authority supporting his argument.  Therefore, he has inadequately briefed this claim on appeal and, as such, has forfeited it.  <u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 148 (5th Cir. 2004) (per curiam).  Thus, we need not review Hinojosa's claim that he has a record of a disability.[2]

Third, Hinojosa argues that Jostens regarded him as having a disability because it did not assign him to work as a trainer--a job that he could do and that was available.  The ADA also defines a disability as being regarded as having a physical or mental impairment that substantially limits one or more major life activities.  42 U.S.C. § 12102(2)(2000); <u>Sherrod</u>, 132 F.3d at 1119.  Jostens would be deemed to have regarded Hinojosa as

---

[2]   Even if we did review Hinojosa's argument, he has failed to raise a genuine issue of material fact as to whether he has a record of an impairment.  This court has specifically rejected that injury, surgery, hospitalization, and inability to work can establish a record of a disability as a matter of law.  <u>Pryor v. Trane Co.</u>, 138 F.3d 1024, 1028 (5th Cir. 1998).  In addition, restrictions indicating an inability to perform continuous, heavy lifting or an inability to perform a particular job do not necessarily constitute a record of disability.  <u>Id.</u>  This court requires a record of an impairment that <u>substantially limits</u> a major life activity.  <u>Id.</u>  There simply is no such record here.

5

disabled if it: (1) mistakenly believed that Hinojosa had a physical impairment that substantially limited a major life activity; or (2) mistakenly believed that an actual, nonlimiting impairment substantially limited one of Hinojosa's major life activities. Sutton v. United Airlines, Inc., 527 U.S. 471, 489 (1999); McInnis, 207 F.3d at 281. There is no dispute that Hinojosa had an impairment to his right arm. The question remains whether Jostens believed that Hinojosa's impairment substantially limited him in a major life activity. This circuit has held that an employer does not necessarily regard an employee as substantially limited when it discharges the employee because he can not perform his job. Ray v. Glidden Co., 85 F.3d 227, 229-30 (5th Cir. 1996); Richards v. Seariver Mar. Fin. Holdings, Inc., 59 F. Supp. 2d 616, 628 (S.D. Tex. 1998). Thus, the fact that Jostens terminated Hinojosa because he could not perform the duties of any job available at Jostens does not establish that Jostens regarded Hinojosa as substantially limited in a major life activity. Further, the fact that Hinojosa was not offered a trainer position does not establish that Jostens considered him substantially limited in a major life activity. Hinojosa was assigned to the lay-out clerk position to meet his restrictions, and Jostens's inquiry was simply meant to accommodate his limitations. In addition, Judy Howard, the employee responsible for the administration of injury claims under the Jostens Employee Injury Benefit Plan (the "Plan"), testified that she did

6

not consider Hinojosa disabled.  Also, the fact that Jostens inquired into Hinojosa's capability to perform his duties does not establish that Jostens considered Hinojosa substantially limited in a major life activity.  See Tice v. Centre Area Transp. Auth., 247 F.3d 506, 515-16 (3d Cir. 2001).  In fact, the ADA authorizes employers to inquire about an employee's ability to perform job-related functions.  42 U.S.C. § 12112(d)(4)(B).  Thus, Hinojosa has failed to raise a genuine issue of fact as to whether Jostens regarded him as having a disability.  We therefore conclude that the district court did not err in granting summary judgment on Hinojosa's ADA claim.[3]

We next turn to Hinojosa's claim that Jostens discriminated against him in violation of § 510 of ERISA, 29 U.S.C. § 1140, by terminating his employment with the specific intent to deprive him of medical benefits under the Plan.  Section 510 of ERISA provides:

> It shall be unlawful for any person to discharge . . . a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140.  To establish a prima facie case under § 510, a

---

[3]    Since we have concluded that Hinojosa failed to raise a genuine issue of fact with respect to a prima facie case of discrimination under the ADA, we need not address Hinojosa's arguments that: (1) Jostens's reason for terminating him was a pretext for discrimination; and (2) Jostens discriminated against him by failing to provide reasonable accommodations.

plaintiff must prove, inter alia, that his employer terminated him with the specific intent to discriminate against him for exercising, or to interfere with, any ERISA right to which he is entitled or may become entitled. Holtzclaw v. DSC Communications Corp., 255 F.3d 254, 261 (5th Cir. 2001). The district court determined that Hinojosa failed to establish his prima facie case because, at the time Hinojosa was terminated, he had no right to receive benefits under the Plan. Pursuant to the terms of the Plan, Hinojosa's eligibility for benefits expired on April 2, 1998. Thus, when he was fired on September 15, 2000, Hinojosa did not have any right under the Plan. Accordingly, Jostens's specific intent in terminating Hinojosa could not have been to retaliate against him for exercising a right under the Plan or to interfere with any rights under the Plan. See Hines v. Mass. Mut. Life Ins. Co., 43 F.3d 207, 209-10 (5th Cir. 1995) (concluding that the district court properly granted summary judgment because the plaintiff had "no rights" under the benefit plan); Perdue v. Burger King Corp., 7 F.3d 1251, 1255 (5th Cir. 1993) (granting summary judgment on a § 510 ERISA claim because, at the time of discharge, the plaintiff did not have rights under the benefit plan with which the defendant could interfere); Van Zant v. Todd Shipyards Corp., 847 F. Supp. 69, 73 (S.D. Tex. 1994). Because Hinojosa failed to make a prima facie case of discriminatory discharge under § 510 of ERISA, Jostens was entitled to judgment as a matter of law.

Finally, we address Hinojosa's claim that Jostens breached its fiduciary duty under § 409 and § 502 of ERISA (29 U.S.C. § 1109 and § 1132 respectively) because it terminated him to discontinue his benefits. ERISA imposes personal liability on any person who is a fiduciary with respect to a plan and who breaches any of the duties imposed by ERISA. Schloegel v. Boswell, 994 F.2d 266, 271 (5th Cir. 1993). ERISA provides that a person is a fiduciary with respect to a plan to the extent he, inter alia, "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). ERISA recognizes that an employer may act in a dual capacity as both a fiduciary to the plan (as plan administrator) and as an employer. Long v. Excel Telecomms. Corp., No. CIV. A. 3:98-CV-3015-G, 1999 WL 1029088, at *2 (N.D. Tex. Nov. 9, 1999). An employer serving as a plan administrator assumes fiduciary status when it acts in its capacity of an administrator, but not when it acts in its capacity as an employer. Izzarelli v. Rexene Prods. Co., 24 F.3d 1506, 1524 (5th Cir. 1994).

In determining whether an employer acted as a plan administrator or as an employer, this court looks at the nature of the act and not at the intent behind it. Bodine v. Employers Cas. Co., 352 F.3d 245, 252 n.6 (5th Cir. 2003). Several courts, including the Fifth Circuit, have held that when a business decides to terminate an employee, it acts in its capacity as an

9

employer.  Id. at 251-52 (stating that "a decision to terminate an employee, who is also a Plan beneficiary, is inherently not fiduciary in nature"); see also Long, 1999 WL 1029088, at *2. The district court dismissed Hinojosa's claim because it concluded Jostens was not a fiduciary under ERISA.  Hinojosa argues that Jostens is a fiduciary under ERISA because it had discretionary authority over the Plan's management.  However, because Jostens terminated Hinojosa, it was acting in its role as an employer and not as a plan administrator.  Thus, Jostens was not acting as a fiduciary when it terminated Hinojosa.  Since Hinojosa has not produced any evidence that Jostens was acting in its capacity as a plan administrator when it fired him (which would have given it fiduciary status), the district court did not err in granting summary judgment on Hinojosa's breach of fiduciary duty claim under ERISA.

Accordingly, the judgment of the district court is AFFIRMED.