# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2010

No. 10-50037
Summary Calendar

Lyle W. Cayce
Clerk

ANNIE L. MZYK,

Plaintiff-Appellant

v.

NORTH EAST INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
No. 5:08-CV-00344

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Annie L. Mzyk appeals the district court's entry of summary judgment dismissing all of Mzyk's claims against her employer. For the reasons stated herein, we affirm the district court's judgment.

I.

Mzyk filed pro se various discrimination claims against her employer, Defendant-Appellee North East Independent School District ("NEISD"), in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50037

district court. Specifically, she has raised claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII") for discrimination based on her national origin (Polish American), a hostile work environment, and retaliation; claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), for age discrimination and retaliation; and claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12102, *et seq.* ("ADA") for disability discrimination, failure to accommodate, and retaliation.

Mzyk is employed as an administrative assistant by NEISD. Construing her pro se complaint and other documents in the record in a favorable light, Mzyk generally asserts the following facts: that NEISD refused her repeated requests to increase the pay grade of her position to compensate her for increases in duties and work load – primarily the responsibility given to her for answering the NEISD main telephone line – which is purportedly inconsistent with NEISD's treatment of other similarly situated employees who have received pay increases and reduced work loads; that such actions are allegedly due to her Polish national origin and her age, as well as retaliation for previous charges of discrimination; and that NEISD has allegedly refused to accommodate her requests for changes in work duties that she has made due to her various physical ailments. As relief, Mzyk seeks back wages and benefits, various kinds of injunctive relief related to the distribution of her work duties, other compensatory damages, and litigation costs and fees.

The district court assigned all pre-trial proceedings to a magistrate judge, including NEISD's motion for summary judgment. The magistrate judge issued a report to the district court recommending that all of Mzyk's claims should be dismissed upon NEISD's motion for summary judgment (the "Report"). The magistrate judge noted that subsequent to filing her complaint, Mzyk expressly waived her Title VII claims of national origin discrimination and hostile work

No. 10-50037

environment, while choosing to maintain her other claims: (1) ADEA discrimination and retaliation; (2) ADA discrimination, failure to accommodate, and retaliation; and (3) Title VII retaliation.

Reciting the undisputed facts, the magistrate judge determined that Mzyk failed to prove two elements of her prima facie age discrimination claim under ADEA: (1) that she suffered an adverse employment action; and (2) that others similarly situated but outside the protected group received more favorable treatment.[1]   The magistrate judge concluded that Plaintiff had not stated an adverse employment action because she had simply alleged that the salary level for the administrative assistant position that she held was inadequate and discriminatory.  She did not allege that failure to increase her pay as compared to other employees who held the same position was discriminatory.[2]   The magistrate judge determined that Plaintiff failed to prove the second prima facie element of her age discrimination claim, noted above, because she failed to provide any competent summary judgment evidence that other employees with whom she compared herself were truly comparable.  *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) ("[A]n employee who proffers a fellow employee as a comparator" must "demonstrate that the employment actions at issue were taken under nearly identical circumstances.") (internal quotation marks omitted).

---

[1]   The Report recites the prima facie requirements for an age discrimination claim based on disparate treatment that the magistrate judge applied.  The Plaintiff was required to show: (1) that she belongs to a protected group of persons over the age of forty; (2) that she was qualified for the position; (3) that she suffered an adverse employment action; and (4) that others similarly situated but outside the protected group received more favorable treatment. *See Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006); *Rutherford v. Harris County Tex.*, 197 F.3d 173, 184 (5th Cir. 1999).

[2]   Mzyk does not deny having received annual within-pay-grade increases or an actual pay-grade increase in July 2008.

No. 10-50037

With regard to Mzyk's claims under the ADA (disparate treatment and failure to accommodate), the magistrate judge determined on the basis of the undisputed facts that Plaintiff could not meet the prima facie requirements for either ADA claim because she presented no evidence that she suffered from a "disability," as defined by the ADA.[3] Relying on the testimony of Mzyk's doctor, the magistrate judge noted that the physician had diagnosed Plaintiff with various physical ailments and with stress, but not with any condition substantially impairing one or more of her major life activities, as generally required to meet the ADA's definition of "disability." *See Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) ("Temporary, non-chronic impairments of short duration, with little or no longer term or permanent impact, are usually not disabilities."); *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 614 (5th Cir. 2001) ("[N]ot all impairments are serious enough to be considered disabilities under the statute.")). The magistrate judge concluded that Plaintiff had presented no evidence from which a reasonable jury could conclude that she had a disability under the ADA definition.

Finally, regarding Plaintiff's retaliation claims under ADEA and ADA,[4] the magistrate judge concluded on the basis of the undisputed facts that, even

---

[3] The magistrate judge recited the prima facie elements that she applied to Plaintiff's ADA claims. To establish a prima facie case of disparate treatment due to disability, Plaintiff was required to show: (1) she is disabled; (2) she was nonetheless qualified to do the job; (3) an adverse employment action was taken against her; and (4) she was replaced by or treated less favorably than non-disabled employees. *See Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001); *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000). To establish a prima facie case of discrimination based on failure to accommodate a disability, Plaintiff was required to show: (1) the employer is covered by the statute; (2) she is an individual with a disability; (3) she can perform the essential functions of the job with or without reasonable accommodation; and (4) the employer had notice of the disability and failed to provide accommodation. *See, e.g., Bridges v. Dep't of Soc. Serv.*, 2001 WL 502797, *1 (5th Cir. Apr. 27, 2001) (citing *Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir. 1995)).

[4] The magistrate judge determined that Mzyk abandoned her Title VII retaliation claim by failing to present evidence in support thereof.

assuming Plaintiff had established prima facie retaliation claims, she failed to provide evidence sufficient to raise a genuine issue of material fact regarding the causation element of the retaliation claims. Specifically, the magistrate judge determined that Mzyk did not present evidence capable of showing that NEISD made any employment decisions concerning her that would not have been made "but for" her protected activity, as required to sustain such claims. *See, e.g., Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

The district court reviewed the magistrate judge's Report and conducted an independent review of the entire record and a de novo review of those matters in the Report to which the Plaintiff objected.[5] The district court then accepted the magistrate judge's recommendations in its Order Accepting Report and Recommendation of the United States Magistrate Judge, dated December 10, 2009, thereby dismissing all of Plaintiff's claims on summary judgment.

## II.

This court reviews the district court's grant of summary judgment de novo, applying the same legal standard as the district court. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Summary judgment is appropriate when the record reveals that "there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c)(2). In making this determination, the court considers the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party. *Turner*, 476 F.3d at 343 (citing *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 408 (5th Cir. 2002)). But a nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner*, 476 F.3d at 343 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

---

[5] Plaintiff filed objections to various elements of the Report's recitations of fact and conclusions of law.

No. 10-50037

### III.

In seeking to challenge the district court's grant of summary judgment on this pro se appeal, the Appellant makes no more than conclusory allegations and assertions. *See* Plaintiff-Appellant's Brief at 13-17. In her brief, Appellant does not raise any material doubts about the legal or factual accuracy of the magistrate judge's Report. After reviewing the record and considering the briefing of the parties, we conclude that the magistrate judge and the district court correctly read the record and applied the correct legal standards with respect to all of Mzyk's claims. Accordingly, we affirm the district court's judgment.