JAMES L. DENNIS, Circuit Judge,
dissenting in part:
Kris Arthur argues that BNSF Railway Company (BNSF) refused to hire her because it regarded her as “disabled” within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (2006), inasmuch as it considered her substantially limited in her ability to lift, reach, and work. Although I agree with the majority opinion’s conclusion that Arthur has not established a material dispute of fact as to the reaching and lifting issue, I cannot agree that her claim fails because of the perceived duration of her injury. Furthermore, that BNSF only evaluated Arthur’s ability to perform a single job is not dispositive, as our precedents make clear that we should consider the basis for, the hiring decision. For these reasons, as explained in more detail below, I respectfully dissent from the judgment of the majority opinion as it relates to Arthur’s perceived ability to work.
*
The majority holds that BNSF could not have considered Arthur substantially limited in her ability to lift or reach because her disqualification from the position of assistant signalperson was only temporary. After noting that “[t]he EEOC Compliance Manual indicates that an impairment that substantially limits or is expected to substantially limit a major life activity and whose ‘duration is indefinite and unknowable or is expected to be at least several months’ qualifies as a disability under the ADA,” EEOC v. Chevron Phillips Chem. Co., LP, 570 F.3d 606, 618 (5th Cir. 2009) (quoting Duration and Impact op Impairment, EEOC Compliance Manual (2007) § 902.4(d)), the majority opinion states that “[t]he six-month time-frame [Dr. Michael] Jarrard imposed on Arthur’s reevaluation was ... not an indefinite or unknowable duration,” Op. at 829. But Jarrard said that he intended to exclude Arthur from consideration for the position of assistant signalperson for at least six months, through March of 2007, at which time he would reconsider her “if [she could] show a period of stability.” Jarrard stated that he believed Arthur was being treated for chronic pain prior to his assessment and that he took into account that Arthur had not recovered from surgery within a “typical” time frame and that “she had done some heavier work” prior to a flare-up of her condition earlier that year. Arthur’s medical records indicate that her injury and attendant pain began in 2003 and her pain persisted, at least intermittently, through 2006. We have held that where an individual experienced symptoms over the course of approximately eight months, and the prognosis for her relapsing-remitting condition was unclear, summary judgment dismissing the plaintiffs ADA claim was not appropriate. See Chevron Phillips Chem. Co., 570 F.3d at 618-19. Thus, I do not believe that Arthur’s perceived limitation was categorically too ephemeral to constitute a disability for purposes of the ADA.[1]
*832 Nevertheless, I agree with the majority opinion’s ultimate resolution of this issue because Arthur presents no competent evidence that BNSF considered her substantially limited in her ability to reach and lift. With respect to lifting, at best Arthur’s evidence establishes that BNSF considered her limited in her ability to lift heavy objects, as this is one of the duties of the assistant signalperson. As a matter of law, a “restriction on heavy lifting ... alone is insufficient for a reasonable jury to find a substantial limitation on a major life activity.” Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1120 (5th Cir. 1998); see Ray v. Glidden Co., 85 F.3d 227, 229 (5th Cir. 1996) (restrictions on heavy lifting did not establish that plaintiff was regarded as having a disability because the inability to perform heavy lifting did not render him substantially limited in the major life activity of lifting). With respect to reaching, while BNSF considered her unqualified to perform the assistant signal-person position, there is no evidence that BNSF considered her unqualified because of her inability to reach; Jarrard specifically noted that BNSF did not find any “limitations in the motions of her joints.” I therefore agree that Arthur has not created an issue of fact as to whether she was regarded as substantially limited in her ability to reach or lift objects.
The majority opinion next holds that Arthur has not created a material issue of fact as to whether BNSF regarded her as disabled inasmuch as it considered her substantially limited in her ability to work. I respectfully disagree. An employer does not regard an employee as disabled simply because it finds the employee incapable of satisfying the singular demands of a particular job. See, e.g., Kemp v. Holder, 610 F.3d 231, 238 (5th Cir. 2010). However, it does not follow that BNSF cannot have regarded Arthur as substantially limited in her ability to work because it only disqualified her from a single position. We must consider evidence regarding the basis for the disqualification, not the mere fact of disqualification. In Tullos v. City of Nassau Bay, 137 Fed.Appx. 638, 649 (5th Cir. 2005), we concluded based on an employer’s belief that the plaintiff had impulse control and rage disorders that a “jury could reasonably infer” that the employer’s perception of the plaintiff “precluded essentially any job involving interaction with others.” Similarly, in Deas v. River W., L.P., 152 F.3d 471, 481-82 & n.24 (5th Cir. 1998), we found that even though the plaintiff was only deemed unable to perform the specific job of addiction technician at a hospital’s substance abuse treatment unit, because the basis for her disqualification was her inability to maintain uninterrupted vigilance, the employer considered her unable to perform jobs that required “high levels of vigilance or uninterrupted awareness.”
Here, there is evidence that the disqualification was broader than the assistant signalperson position. Jarrard testified that the decision to disqualify Arthur from the assistant signalperson position was based on his opinion that, in light of evidence that Arthur “had done some heavier work” before a flare-up of her condition, the “heavy demands” of the position “put [Arthur] at risk” of injury. Jarrard could not say whether his disqualification of Arthur was based on any “specific demands” of the assistant signalperson position, or *833 his more general concerns about the “heavy physical demands” of the job. We cannot fairly assume at the summary judgment stage that his assessment was strictly limited to the assistant signalperson position: as noted by the majority opinion, Jarrard testified that he would likely have disqualified Arthur from another heavy labor position at BNSF based on the “heavy nature of that job.” The majority opinion dismisses Jarrard’s statement as “speculation]” in response to “a hypothetical question.” Op. at 830. Speculative or not, Jarrard’s statement that he would not have cleared Arthur for another heavy labor position at BNSF due to its “heavy nature” reasonably supports an inference that his basis for disqualifying Arthur from the assistant signalperson position was broader than the singular demands of that particular position. Viewing the evidence in the light most favorable to Arthur, I believe that Jarrard’s testimony raises a material dispute as to whether BNSF regarded Arthur as unable to perform any heavy labor position.
* * *
For these reasons, I respectfully dissent from the majority opinion as it relates to Arthur’s claim that she was substantially limited in her ability to work.

. The majority opinion appears to be influenced by BNSF’s claim that it cannot have regarded Arthur as disabled because it considered her a safety risk. Under the ADA, an employer’s qualification standards "may im-elude a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace,” 42 U.S.C. § 12113(b) (2006), but for purposes of this appeal, BNSF has expressly disavowed *832 the argument that Arthur posed a "direct threat” to herself or others as an alternate basis for affirmance. Unfounded concerns about "safety, insurance, [or] liability” can be sufficient to support "regarded as” claims. See 29 C.F.R. § 1630, App. § 1630.2(Z). Thus, whether Arthur presented a direct threat to herself or others should be irrelevant to our analysis.