Pasquale PUOCI, Plaintiff,

v.

CITY OF CHICAGO, Defendant.

No. 98 C 6848.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 14, 2000.

Jill A. Pignotti, The Collins Law Firm, Naperville, IL, Eugene K. Hollander, The Law Offices of Eugene K. Hollander, Chicago, IL, Lori Lee Quist, Law Offices of Eugene K. Hollander, Chicago, IL, for Pasquale Pauoci, plaintiff.

Tracey Renee Ladner, Lisa C. Leib, Susan Margaret O'Keefe, City of Chicago, Law Department Corporation Counsel, Chicago, IL, for City of Chicago, defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Pasquale Puoci sued the City of Chicago for discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The City of Chicago has filed a motion for summary judgment, which we grant for the reasons stated below.

## RELEVANT FACTS

The following facts are not in dispute or are construed in the light most favorable to the plaintiff. Puoci first became employed by the City in the Streets and Sanitation Department in 1985. In May 1997, he became a hoisting engineer, a position he still holds. In August 1997, Puoci was assigned to work on a piece of equipment known as an Orange Peel. The Orange Peel requires the operator to climb on and off the machine at least fourteen times per day. In the fall of 1997, Puoci began to experience numbness in his right leg and thigh due to cold weather. Due to the numbness and leg fatigue, Puoci uses a stool every day on the job. In addition, Puoci walks with a limp, has pain when he walks, especially on soft surfaces, and has difficulty climbing stairs. Puoci visited his doctor, Dr. John Schneider, concerning these problems. Dr. Schneider diagnosed Puoci with post polio syndrome and referred Puoci to Dr. Raymond Roos, a neurologist. Although Dr. Roos did not agree with Dr. Schneider's diagnosis of post polio syndrome, both doctors agree that the label "post polio syndrome" is unimportant regarding Puoci's treatment. Notwithstanding the physical problems Puoci complains of, he maintains that he can perform all the duties related to his assignment to the Orange Peel and all the duties of a hoisting engineer. (R. 23, Def.'s State-

ment of Material Facts, ¶ 12; *see* R. 26, Pl.'s Statement of Material Facts, ¶ 12 (admitting Def.'s ¶ 12).) He also says that he has always been able to complete all of his job duties and that he has never been prevented from performing a duty due to pain. (*Id.*)

On December 31, 1997, Puoci made a written request to his superiors for reassignment to the Yard High Lift machine, which requires an operator to climb in and out an average of only six times per day. At the time of Puoci's request, the Yard High Lift machine was, and still is, assigned to another employee, Marsha Alexander. The form that Puoci used to request reassignment was one normally used to request changes in shift, location, and days off group; he did not know that there was an official "Request for Reasonable Accommodation" form. In his request, Puoci indicated that his post polio syndrome and lack of circulation made him vulnerable to frost bite. Copies of his written request were distributed to Deborah Robertson, superintendent of the Southern District; Touhy, superintendent of hoisting engineers; the union steward; the Department of Sewers head of personnel; and the Deputy Commissioner of Operations. The City did not act upon his request until thirteen weeks later, when Puoci's lawyer sent a follow-up letter again requesting reasonable accommodation for Puoci. The City then asked Puoci to complete a formal "Request for Reasonable Accommodation" form, which he did several weeks later. Four months later, the City requested that Puoci execute medical authorizations so that it could obtain his medical records. The City has yet to grant or deny Puoci's request for reasonable accommodation.

Puoci is a member of the International Union of Operating Engineers, Local 150. The collective bargaining agreement between Local 150 and the City specifies that if the employer makes a reasonable accommodation for an employee with a disability that conflicts with another employee's rights, the employer should bring the matter to the attention of the union. Robertson, the official charged with this task, never spoke to a representative of the union regarding Puoci's request for reasonable accommodation.

On October 29, 1998, Puoci filed the instant action, asserting that the City violated his rights under the ADA. Currently pending before this Court is the City's motion for summary judgment. For the reasons that follow, the motion is granted.

## ANALYSIS

### I. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue for trial exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations, but must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in the non-movant's favor. *Crim v. Board of Educ. of Cairo Sch. Dist. No. 1*, 147 F.3d 535, 540 (7th Cir.1998). However, if the evidence is merely colorable, is not significantly probative, or merely raises "some metaphysical doubt as to the material facts," summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 261, 106 S.Ct. 2505.

### II. Americans with Disabilities Act

#### A. Prima Facie Disability Discrimination Claim

The ADA prohibits discrimination "against a qualified individual with a dis-

ability because of the disability of such individual." 42 U.S.C. § 12112(a). The City argues that Puoci's ADA claim fails because Puoci is not "disabled" as required for protection under the ADA. A disability under the ADA is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). "Major life activities" are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Furthermore, a person is "substantially limited" if he is "[u]nable to perform a major life activity" or "[s]ignificantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity as compared to ... the average person." 29 C.F.R. § 1630.2(j)(1). Puoci has the burden of proving that he is disabled. *DeLuca v. Winer Indus., Inc.,* 53 F.3d 793, 797 (7th Cir.1995).

Determination of whether an individual has a disability is made on a case-by-case basis. *Albertsons, Inc. v. Kirkingburg,* 527 U.S. 555, 119 S.Ct. 2162, 2169, 144 L.Ed.2d 518 (1999). The determination "is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual." 29 C.F.R. pt. 1630, App., § 1630.2(j). Puoci asserts that he is disabled because he is substantially limited in the major life activities of walking, performing manual tasks, and working.[1]

### 1. Walking

■ Puoci claims that he is substantially limited in the life activity of walking. He walks with a limp, he has pain and discom-fort when walking on soft surfaces, his right leg and right thigh go numb when he walks, and he can only walk for 1½ miles without pain. Puoci, however, walks without assistance of a cane or crutch, and he is not subject to medical restrictions on walking. In addition, there is no evidence that his difficulty walking interferes with his ability to care for himself.

Puoci's difficulties with walking do not constitute a disability. Courts considering similar or even greater physical limitations on walking have concluded that such limitations do not satisfy the ADA standard for disabilities. *Banks v. Hit or Miss, Inc.,* 996 F.Supp. 802 (N.D.Ill.1998) (plaintiff who had corrective surgery on both feet, could only walk short distances, had chronic foot pain, and was limited by her doctor to (1) working no more than eight hours at a time; (2) taking fifteen minute breaks every few hours; (3) not working on a ladder; and (4) wearing lace-up shoes was not disabled); *see also Kelly v. Drexel Univ.,* 94 F.3d 102 (3d Cir.1996) (plaintiff who, because of degenerative joint disease, could only walk a mile at a time, could not jog and had trouble climbing stairs, but used no walking aid, was not "disabled"); *Ingles v. The Neiman Marcus Group,* 974 F.Supp. 996 (S.D.Tex.1997) (plaintiff, who had diabetes, underwent multiple surgeries on his feet (including amputation of toes), wore specially designed shoes, and alleged that walking on hard surfaces harmed his feet was not substantially limited in his ability to walk); *Kriskovic v. Wal–Mart Stores, Inc.,* 948 F.Supp. 1355, 1361 (E.D.Wis.1996) (plaintiff's ankle injury limiting his ability to walk, stand, lift, push, pull, and climb not a substantial limitation on a major life activity); *Stone v. Entergy Servs., Inc.,* No. 94–2669, 1995 WL 368473 (E.D.La. June 20, 1995) (plain-

---

1. We begin with an analysis of Puoci's arguments regarding walking and performing manual tasks before we turn to those addressing the life activity of working. 29 C.F.R. § 1630, App., § 1630.2(j) ("If an individual is not substantially limited with respect to any other major life activity, the individual's abili-ty to perform the major life activity of working should be considered. If an individual is substantially limited in any other major life activity, no determination should be made as to whether the individual is substantially limited in working.").

tiff with partial paralysis, muscle weakness, and uneven legs as residual effects of polio, who testified that he had limited endurance, experienced difficulty climbing stairs, and walked significantly slower than the average person was not substantially limited in ability to walk). Puoci's limitations constitute only moderate restrictions. Because he is not substantially limited in his ability to walk, this disability claim fails as a matter of law.

## 2. Manual Tasks

■ Puoci also claims that he is substantially limited in performing manual tasks: he cannot cut his own grass, is limited in planting or gardening, and cannot negotiate stairs with a load. These tasks, however, are relatively narrow categories of manual tasks and the evidence does not support a finding that Puoci is substantially limited in the major life activity of performing manual tasks. Cutting grass, planting, and gardening are not major life activities. While climbing stairs may qualify as a major life activity, Puoci has testified that he can perform his job, which includes the task of climbing into and out of the Orange Peel at least fourteen times a day. In fact, even the machine to which he requests transfer requires getting in and out at least six times a day. Furthermore, his home has steps, he drives a minivan that he must climb in and out of, and no doctor has ever restricted him from climbing stairs. (R. 12, Def.'s Statement of Material Facts, ¶ 15; *see* R. 26, Pl.'s Statement of Material Facts, ¶ 15 (admitting Def.'s ¶ 15).) The ADA regulations state that "substantially limits" means that which renders the individual "significantly restricted" in performing an activity as compared to the average person. 29 C.F.R. § 1630.2(j). As such, we find that no rational jury could find Puoci substantially limited in the major life activity of performing manual tasks.

## 3. Working

■ Puoci must show that he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities" to be "substantially limited" in the life activity of working. 29 C.F.R. § 1630.2(j)(3)(i). An inability to perform a particular job for a particular employer is insufficient to establish a disability; an impairment must substantially limit employment generally. *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 119 S.Ct. 2133, 2139, 144 L.Ed.2d 484 (1999) (where an employee is, at most, regarded as unable to perform only a particular job, he is not substantially limited in the major life activity of working); *Byrne v. Board of Educ.*, 979 F.2d 560, 565 (7th Cir.1992) (same). Puoci alleges that he is restricted from working because: (1) he feels pain when he climbs in and out of the Orange Peel; (2) he cannot stand for prolonged periods and must use a stool; and (3) he is sensitive to exposure to the cold. He admits, however, that he is able to perform all of the duties of his assignment to the Orange Peel, as well as those of a hoisting engineer generally, which undermines his argument that he is substantially limited in the life activity of working.[2] *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1228 (11th Cir.1999) (plaintiff's argument that she is substantially impaired in the major life activity of working is belied by her testimony that she is able to work). The evidence which Puoci proffers is not sufficient to create a genuine issue of material fact as to whether he is unable to perform a class of jobs utilizing his skills. We conclude that Puoci has failed to provide evidence sufficient to defeat summary judgment on his claim

---

**2.** Puoci argues that the fact that he has admitted to being able to work "does not obviate a finding that his impairment is not substantially limiting." (R. 25, Pl.'s Response at 8–9.)

Where a plaintiff claims that he is substantially limited in the major life activity of working, however, admitting to being able to work does, in fact, invalidate the argument.

that his physical impairments substantially limit a major life activity.

### B. Reasonable Accommodation Claim

The ADA includes in its definition of discrimination the failure to make "reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). Puoci argues that the City discriminated against him by failing to afford him the reasonable accommodation of reassignment to the Yard High Lift. Discrimination by failure to make reasonable accommodation, however, presumes a finding that the individual was disabled. *Sieberns v. Wal–Mart Stores, Inc.*, 125 F.3d 1019, 1022 (7th Cir.1997) (for plaintiff to establish discrimination based on employer's failure to provide reasonable accommodation, he must first establish that he was a qualified individual with a disability). Because Puoci cannot prove that he is disabled, the City was not required to make a reasonable accommodation for him.

■ Even if Puoci were disabled, the ADA only requires reassignment to a vacant position. 42 U.S.C. § 12111(9) ("The term 'reasonable accommodation' may include ... reassignment to a vacant position."). "Congress did not intend that other employees lose their positions in order to accommodate a disabled coworker." *McCreary v. Libbey–Owens–Ford Co.*, 132 F.3d 1159, 1165 (7th Cir.1997). Therefore, an employer is not obligated to "bump" another employee in order to create a vacancy for the disabled employee. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir.1996). Puoci bears the burden of showing that a vacant position existed and that he was qualified for that position.

*McCreary*, 132 F.3d at 1165. In this case, the record shows that the Yard High Lift position already was occupied by another employee when Puoci requested the transfer. Puoci's request was therefore not a reasonable accommodation.[3]

Puoci also argues that Local 150's collective bargaining agreement requires the City to bring any potential conflict regarding reasonable accommodation requests to the attention of the union. The collective bargaining agreement provides that "[i]n the event the Employer shall be required to make a reasonable accommodation under the [ADA] to the disability of an applicant or incumbent employee that may be in conflict with the rights of an employee under this Agreement, the Employer shall bring this matter to the attention of the union." (R. 26, Pl.'s Statement of Additional Material Facts, ¶ 77.) As the City points out, the collective bargaining agreement, itself, states the requirement that the employee first be found disabled before the provision can apply. Thus, Puoci's argument fails for the very same reason his ADA claim has failed—he simply has not met his burden of showing he is disabled. Because Puoci has not identified a genuine issue of material fact regarding his reasonable accommodation claim, we grant the City summary judgment.

### CONCLUSION

Puoci has not produced any evidence from which a reasonable jury could find in his favor, thus we must grant the City's motion for summary judgment. (R. 23–1.) We instruct the Clerk of Court to enter judgment in favor of the City and against Puoci pursuant to Federal Rule of Civil Procedure 58. Given our conclusion, we

---

**3.** Puoci faults the City entirely for the "breakdown in communication" regarding the reasonable accommodation request. (R. 25, Pl.'s Response at 10.) Puoci argues that we must deny summary judgment because of the City's inadequate response to his request. The only case he cites in support of this proposition is *Haschmann v. Time Warner Entertainment Co.*, 151 F.3d 591 (7th Cir.1998), in which the employer fired the employee in response to her request for reasonable accommodation.

deny the City's motion to strike as moot.[4] (R. 30–1.)

This case differs dramatically from the facts herein.

4. Even considering all of the disputed facts in the light most favorable to Puoci, we find that he cannot defeat the City's motion for summary judgment.