In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4200

Eric Michael,

Plaintiff-Appellant,

v.

St. Joseph County, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:99cv0495AS Allen Sharp, Judge.

Argued June 6, 2001--Decided August 3, 2001


   Before Fairchild, Bauer, and Posner,
Circuit Judges.

   Fairchild, Circuit Judge.  Eric Michael,
a former employee of the St. Joseph
County Health Department (the
"Department"), brought this action
alleging that the Department and various
managers violated his First Amendment
rights by suspending him for publicly
criticizing the Department's water-
quality policies. The district court
granted summary judgment in favor of the
defendants. We affirm.

   Michael began working for the Department
as a sanitarian in 1989. Eight years
later Michael's supervisors began
receiving complaints from local
developers and other Department employees
about Michael's negative attitude. On
July 17, 1997, local subdivision planner
John Linn sent a letter to Anthony
Patton, the Department's director
ofenvironmental health, expressing
concern over Michael's attitude:

Recently, while driving through a
residential subdivision site in Harris
Township, Eric Michaels, [sic] happened
to be at the site, so I stopped to have
a casual conversation with him. At the
conclusion of the discussion, I was
slightly disturbed by his negative
attitude and his personal antagonism

toward the policies of the Local and State Health Departments with regard to septic systems and water supply in St. Joseph County.

If appropriate, you may wish to discuss and clearly explain the policies, goals and objectives of the Health Department with Mr. Michaels [sic].

(R. 22 at 4.) The next day supervisor Tony Mancuso directed Michael to return boxes to storage but Michael refused. Afterward, Michael submitted a written grievance accusing Mancuso of being rude, demeaning, arrogant and unprofessional. On August 1, Mancuso wrote a letter to George Plain, the Department's health officer, complaining about recurring acts of insubordination by Michael. In the letter, Mancuso referenced Michael's conversations with the public: "We do not need employees, such as Eric, showing disrespect for the whole department by talking to outside contacts and telling them he (Eric) thinks we (Anthony and Tony) don't know how to run a department." (R. 23 at 4.) Plain immediately referred Mancuso's complaint to Patton, who then prepared a memorandum assailing Michael's lack of professionalism. On August 4, Plain suspended Michael without pay and ordered Robert Gonderman, the Department's attorney, to investigate past complaints levied against Michael.

After conducting an investigation, Gonderman submitted a letter to Plain detailing various disciplinary offenses committed by Michael. On September 22, Plain wrote Michael and apprised him of the investigation. Plain informed Michael that the Department would be conducting a hearing to determine the need for further disciplinary action. Plain's letter referred to Michael's conversation with Linn:

While conducting an inspection at Fox Chase subdivision, Mr. Michael told Mr. Linn, one of the subdivision professional planners that he did not agree with the way that the State Health Department and the St. Joseph County Health department [sic] were handling the sanitary system of the subdivision and specifically that the St. Joseph County health [sic] Department does not do what it should do with respect to handling subdivision septic systems.

(R. 22 at 7.) On October 7, 1997, Michael resigned.

On August 4, 1999, Michael brought this action in St. Joseph County Circuit Court. Michael's complaint alleged under 42 U.S.C. sec. 1983 that St. Joseph County, Plain, Patton and Mancuso violated his First Amendment rights by suspending him in retaliation for his ongoing public criticism of the Department. Michael also alleged state law claims for breach of contract and promissory estoppel. Specifically, he claimed that his suspension violated the St. Joseph County Human Resources Policies and Benefits Manual, which allegedly forbids the Department from penalizing employees for filing a grievance against supervisors.

The defendants removed the case pursuant to 28 U.S.C. sec. 1446. After discovery the district court granted summary judgment in favor of the defendants. The court concluded that Michael failed to establish that his speech was protected by the First Amendment and that the defendants had a legitimate basis for suspending his employment. The district court also granted summary judgment in favor of the defendants on Michael's estoppel claim, concluding that he did not detrimentally rely on the county's manual.

On appeal Michael argues that the district court erred by granting summary judgment for the defendants on his First Amendment and promissory estoppel claims. We review the grant of summary judgment de novo. Vela v. Vill. of Sauk Vill., 218 F.3d 661, 664 (7th Cir. 2000). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, Michael must respond to the defendants' motion with evidence setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ.

P. 56(e); Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the defendants' motion for summary judgment, Michael must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, see Albiero, 246 F.3d at 932.

Michael argues that he had a protected First Amendment right to criticize the Department's water-quality policies. Michael claims that his comments to Linn regarding the Department's water policies constitute public speech that is protected by the First Amendment. Government employees do not relinquish their First Amendment right to freedom of speech as a condition of public employment. See Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968); Connick v. Myers, 461 U.S. 138, 142 (1983); Myers v. Hasara, 226 F.3d 821, 825-26 (7th Cir. 2000). We must analyze Michael's claim under a two-step test. First we determine whether he engaged in speech as a citizen on a matter of public concern. See Gonzalez v. City of Chicago, 239 F.3d 939, 940-41 (7th Cir. 2001) (citing Connick, 461 U.S. at 147). The First Amendment is implicated when a public employee speaks as a citizen upon a matter of public concern, but not as an employee upon matters only of personal interest. See Myers, 226 F.3d at 826. We evaluate whether an employee's speech addresses a matter of public concern by examining the content, form, and context of the speech. See Snider v. Belvidere Township, 216 F.3d 616, 620 (7th Cir. 2000). The second step under Pickering/Connick is a balancing test. If Michael engaged in speech that is a matter of public concern, we must then balance Michael's interest in expression against the Department's interest in promoting efficient public service. See id. We do not reach this balancing test, however, unless Michael establishes that he engaged in protected speech. See id.

Michael argues that the district court erred in granting summary judgment in favor of the defendants on his First Amendment claim because it misconstrued the facts. Specifically, he refers to the

district court's statement that Michael's First Amendment claim is based on a letter that he wrote to Linn criticizing the Department. Michael, however, did not write a letter to Linn; rather it was Linn who wrote a letter expressing concern over critical comments made to him by Michael. Though this statement by the court was incorrect, we may affirm its grant of summary judgment on any ground supported by the record. See Lawson v. CSX Transp., Inc., 245 F.3d 916, 929 (7th Cir. 2001).

We conclude that the district court reached the right outcome regarding Michael's First Amendment claim because Michael failed to set forth evidence that he engaged in protected speech. Indeed, there is no evidence in the record definitively establishing what he said to Linn. The only evidence Michael relies on is Linn's July 17 letter, which vaguely characterizes Michael's comments, and Mancuso's letter to Plain regarding Michael's attitude. Linn's letter, however, reveals only that Michael exhibited a negative attitude and personal antagonism toward the Department's septic system and water supply policies. The letter does not recite what was said and does not reveal the circumstances surrounding the comments. What did he say? What specific Department policies were discussed? Though we need not know the precise words he used to express himself, see Jefferson v. Ambroz, 90 F.3d 1291, 1296-97 (7th Cir. 1996), the record sheds no light on even the gist of his comments. In addition to a lack of evidence relating to content, we are similarly in the dark regarding the context of his speech. Was his criticism part of his job duties-- relevant in determining whether he made protected comments as a "citizen," or merely unprotected comments made pursuant to his regular job responsibilities? See Gonzalez, 239 F.3d at 941. What are his job duties? Was Michael responding to Linn's questions or was he engaged in unsolicited soliloquy within Linn's earshot? Similarly, Mancuso's letter fails to demonstrate that Michael spoke as a citizen on a matter of public concern. Mancuso merely complained that Michael had told outside contacts that Mancuso and Plain did not know how to run the Department. The letter does not specifically refer to any matter of

public interest, but instead is centered upon personnel matters and the operation of the Department (and thus outside the scope of the First Amendment). We simply do not have sufficient evidence in the record to determine whether Michael spoke about a matter of public concern, or whether he spoke as a citizen or as an employee. Because Michael failed to demonstrate that he engaged in protected speech, his First Amendment claim must fail.

Michael's promissory estoppel claim also fails for the same reason--he did not present evidence that he relied on the benefits manual to create a genuine issue for trial. Indiana law recognizes two basic forms of employment: (1) employment for a definite or ascertainable term; and (2) employment-at-will. Orr v. Westminster Vill. N., Inc., 689 N.E.2d 712, 717 (Ind. 1997). At-will employment is presumptively terminable at any time, with or without cause, by either party. Id. An employee, however, may invoke the doctrine of promissory estoppel to rebut the presumption that employment is at-will and thus require the employer to justify the adverse employment action. Id. at 718. A claim for promissory estoppel has three elements: (1) the employer made a promise to the employee; (2) the employee relied on that promise to his detriment; and (3) the promise otherwise fits within the Restatement test for promissory estoppel. Id.

Michael argues that the Department suspended him from his job because he filed a grievance against Mancuso, claiming this violated the St. Joseph County Human Resources Policies and Benefits Manual, which forbids the Department from retaliating against employees who file grievances. The record contains no evidence, however, to support his claim that he relied on the manual in deciding to file his grievance. Though Michael testified that he attended a meeting in which the Department reviewed the manual with employees, there is no evidence that the grievance procedure was discussed at that meeting. Michael did not present any evidence that he even read the provision in the manual relating to the grievance procedure, let alone that he relied on that provision in writing his letter complaining about Mancuso. As a result, the district court

correctly entered summary judgment in favor of the defendants on Michael's promissory estoppel claim.

Accordingly, the judgment of the district court is AFFIRMED.